U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS S. TANNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0151-D |
| | § | |
| MARK DAVIDSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Cas S. Tanner, a citizen of Texas, against GEICO Indemnity Company and others involved in the denial of her claim for property damage and personal injury benefits under an insurance policy. On January 27, 2010, plaintiff tendered a two-page handwritten complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff does not allege any cognizable claim arising under federal law. Instead, her complaint accuses GEICO and others of "bad faith" in connection with the denial of insurance benefits. (*See* Plf. Compl. at 1). Such a claim arises exclusively under Texas law. Although GEICO Indemnity Company is a citizen of Maryland,[1] at least two defendants named in plaintiff's complaint, Thomas E. Martens, D.O. and Kevin Washington, are citizens of Texas. (*See id.* at 2). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants). Plaintiff's complaint should be dismissed for lack of federal subject matter jurisdiction.

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions

---

[1] The court takes judicial notice of GEICO's citizenship for diversity purposes based on pleadings filed in other cases wherein GEICO admits it is a citizen of Maryland.

in response to abusive litigation practices. *Id.* Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

A search of the PACER website reveals that plaintiff has filed seven lawsuits in this district in just the last two months.[2] One case has been dismissed for lack of subject matter jurisdiction. *Tanner v. Morgan*, No. 3-09-CV-2139-L, 2009 WL 5171745 (N.D. Tex. Dec. 28, 2009). Recommendations dismissing four other cases for lack of subject matter jurisdiction or failure to prosecute are pending before the district judge. *Tanner v. Bank of America*, No. 3-09-CV-2138-B (N.D. Tex., rec. filed Jan. 25, 2010); *Tanner v. Duncanville Photo Enforcement Program*, No. 3-09-CV-2202-M (N.D. Tex., rec. filed Jan. 20, 2010); *Tanner v. Chevron*, No. 3-09-CV-2203-G (N.D. Tex., rec. filed Jan. 25, 2010); *Tanner v. Accor Hospitality*, No. 3-09-CV-2204-N (N.D. Tex., rec. filed Jan. 28, 2010). The nature of these filings suggest that plaintiff runs to the federal courthouse every time she has a dispute with a business or acquaintance, regardless of whether federal subject matter jurisdiction is proper. In some of the cases, plaintiff has ignored multiple court orders requiring her to answer interrogatories, thereby frustrating the court's ability to screen her complaint.

---

[2] Petitioner also filed two cases in the Southern District of Texas and one case in the Eastern District of Oklahoma. *Tanner v. Houston Community College System*, No. H-09-CV-3941 (S.D. Tex., filed Nov. 18, 2009); *Tanner v. Smith*, No. 4-09-CV-3941 (S.D. Tex., filed Dec. 7, 2009); *Tanner v. Choctaw Casino of Durant*, No. 6-09-CV-272 (E.D. Okla., filed Jul. 13, 2009). The court is unaware of the claims made by plaintiff in those cases.

In view of this conduct, plaintiff should be warned that sanctions may be imposed if she files any other lawsuits that are dismissed for lack of subject matter jurisdiction or failure to prosecute. Such sanctions may include an order barring plaintiff from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction. In addition, plaintiff should be warned that sanctions may be imposed if she files any other lawsuits that are dismissed for lack of subject matter jurisdiction or failure to prosecute.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 1, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE