IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS S. TANNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0151-D |
| VS. | § | |
| | § | |
| MARK DAVIDSON, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Cas S. Tanner ("Tanner") filed this action *pro se*. Her complaint is difficult to follow and does not comply with Fed. R. Civ. P. 8(a). The magistrate judge determined that Tanner does not allege a federal question claim and that at least two defendants are non-diverse. In his February 1, 2010 findings and recommendation, he recommends that the case be dismissed for lack of jurisdiction based on the absence of federal question or diversity jurisdiction.

In her objection filed February 10, 2010, Tanner appears to clarify that the two defendants whom the magistrate judge identified as non-diverse are not in fact defendants but are treating physicians. This does not address, however, defendant Mark Davidson ("Davidson"). Although it is unclear from the complaint, and it is not addressed in her objection, Davidson appears to be the other driver in the accident, and the insured of defendant GEICO Indemnity Company. The complaint does not allege Davidson's citizenship, and it is possible that he, like Tanner, is a Texas citizen. The court therefore adopts the magistrate judge's February 1, 2010 findings and recommendation and concludes that Tanner has failed to plead that the court has subject matter jurisdiction.

Although the court adopts the magistrate judge's findings and recommendation, the court will not dismiss Tanner's case at this time. Because it is possible that, if allowed to amend her complaint, she can allege a basis for the court to exercise subject matter jurisdiction, the court will require that she amend her complaint. Accordingly, no later than March 11, 2010, Tanner must file an amended complaint that complies with Rule 8(a). To do so, the amended complaint must contain the following: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. If Tanner relies on diversity of citizenship to establish the court's subject matter jurisdiction, she must clearly identify each defendant and properly plead each defendant's citizenship. If a defendant is a corporation, she must plead the state in which it is incorporated and the state in which its principal place of business is located. If the defendant is a person, she must plead the state of the person's citizenship.

**SO ORDERED**.

February 11, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE