IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS S. TANNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0151-D |
| | § | |
| GEICO INDEMNITY COMPANY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant GEICO Indemnity Company ("GEICO") has filed a Rule 12(b)(6) motion to dismiss this *pro se* civil action brought by plaintiff to recover damages sustained in an automobile accident allegedly caused by Mark Davidson. As grounds for its motion, defendant contends that Texas law, which governs this diversity case, does not allow plaintiff to maintain a direct action against GEICO, Davidson's insurance carrier. Plaintiff has filed a response to the motion and this matter is ripe for determination.[1]

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167

---

[1] Although defendant has not yet filed a reply, it is clear from the motion and response that plaintiff cannot maintain a direct action against GEICO. The court therefore decides the motion without a reply.

L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

In her amended complaint, plaintiff seeks to recover damages from GEICO caused by the negligence of its insured. (Plf. Am. Compl. at 1-2; *see also* Plf. Resp. at 1, ¶ 1). However, in Texas, "the general rule . . . is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *Angus Chemical Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam); *see also Chaffin v. Transamerica Insurance Co.*, 731 S.W.2d 728, 731 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (collecting cases) ("Texas cases are in accord both that an injured party has no direct cause of action against a tortfeasor's insurance carrier, whether or not the insured party is joined; and that the carrier owes a legal duty only to its insured or to an intended beneficiary of the policy."). Plaintiff has failed to allege any facts which, if proved, would enable the court to conclude that Davidson's liability has been established by judgment or otherwise. As a result, plaintiff cannot maintain a direct action against Davidson's insurance carrier.

## RECOMMENDATION

Defendant's Rule 12(b)(6) motion to dismiss [Doc. #13] should be granted. Plaintiff's claims against defendant should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE