IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS S. TANNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:10-CV-0151-D |
| | § | |
| GEICO INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, and the April 15, 2010 findings and recommendation of the United States Magistrate Judge, the court holds that the findings and recommendation are correct, and they are adopted as the findings and conclusions of the court.

In her April 22, 2010 objections, plaintiff maintains that she is not suing defendant GEICO Indemnity Company ("GEICO") directly to recover for the alleged negligence of GEICO's insured; instead, she is suing GEICO for its own acts of bad faith. But GEICO is not plaintiff's insurer; it is the insurer for Mark Davidson, the other driver. In Texas, there is no third-party cause of action for bad faith denial of an insurance claim. *See, e.g., Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 279 (Tex. 1995); *see also Md. Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27 (Tex. 1996) (holding that an insurer owes no duty of good faith and fair dealing to investigate and defend claims by a third party). Accordingly, plaintiff cannot recover against GEICO for bad faith, and the magistrate judge has correctly recommended that GEICO's motion to dismiss be granted and that this case be dismissed with prejudice.

This case is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

May 18, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE